UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRANDON REXROAT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00250-JPH-MJD |
| | ) | |
| HOLCOMB, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DIRECTING THE PETITIONER TO SHOW CAUSE**

Petitioner Brandon Rexroat, an Indiana inmate at the Wabash Valley Correctional Facility, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Rexroat asserts that prison officials are not taking measures to control the spread of disease in the prison in light of the COVID-19 pandemic. He contends that this violates his Eighth Amendment rights and asks that the Court grant him relief through release to community detention or home confinement.

Mr. Rexroat's § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

1

Based on its review of Mr. Rexroat's petition, the Court determines that it must be dismissed because Mr. Rexroat does not state any claims that can be heard in a § 2241 petition. The correct vehicle for a state prisoner seeking relief from a state court conviction is 28 U.S.C. § 2254, which "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[Section] 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody….").[1] Even though Mr. Rexroat may be understood to seek relief pursuant to 28 U.S.C. § 2254, the Court will not automatically re-characterize the petition as being brought under § 2254 because that statute contains a strict limit on the number of § 2254 petitions an inmate may file, and re-characterizing the petition may make it significantly more difficult for a litigant to file another motion. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003); 28 U.S.C. § 2244(b)(1) (claim presented in second or successive § 2254 application that was presented in prior application shall be dismissed).

Finally, to the extent that Mr. Rexroat may be understood to challenge the conditions of his confinement, such a challenge must be brought in a civil rights case under 42 U.S.C. § 1983, not a habeas petition. *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). In cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that he must use a

---

[1] The Court notes that the First Step Act of 2018 contemplates motions for compassionate release based on health conditions, 18 U.S.C. § 3582(c)(1)(A), but this law applies only to federal prisoners and a motion for compassionate release under the First Step must be filed with the court where the defendant was convicted.

§ 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). If Mr. Rexroat wishes to file a civil rights case, he may do so.

For the foregoing reasons, Mr. Rexroat's § 2241 petition must be **DISMISSED**. He will have **through June 15, 2020**, to show cause why judgment consistent with this Order should not issue. Mr. Rexroat's motion for leave to proceed *in forma pauperis*, dkt. [3], is **GRANTED**.

**SO ORDERED.**

Date: 5/15/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON REXROAT
121033
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only